IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KATHLEEN K. MCMILLAN, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Civil Action No. 4:22-cv-01034-O-BP <br> KILOLO KIJAKAZI, ACTING § <br> COMMISSIONER OF SOCIAL § <br> SECURITY, § <br> § <br> Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Kathleen K. McMillan ("McMillan") filed an application for Supplemental Security Income ('SSI") under the Social Security Act ("SSA"). The Commissioner denied her application, deciding that she was not disabled. McMillan appeals. Because the Commissioner applied the correct legal standards in assessing McMillan's medical limitations and the Appeals Council properly reviewed all of the required evidence on appeal, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision and **DISMISS** this case with prejudice.

**I.      BACKGROUND**

McMillan seeks disability benefits under Title XVI of the SSA, claiming disability since December 14, 2020. Soc. Sec. Admin. R. [hereinafter "Tr."], ECF No. 18-1 at 147. She filed for SSI on the same day. *Id*. McMillan's SSI application specified several medical conditions that limit her ability to work including anxiety, depression, post-traumatic stress disorder ("PTSD"), panic disorder with agoraphobia, social anxiety order, and bipolar disorder. Tr. 150. The Commissioner denied her application initially and upon reconsideration. Tr. 147.

McMillan challenged the Commissioner's denial before an Administrative Law Judge ("ALJ") who conducted a telephonic hearing and later affirmed the Commissioner's denial. Tr. 7, 147, 163. After the Social Security Appeals Council ("AC") denied McMillan's further administrative review, she filed this civil action seeking judicial review under 42 U.S.C. § 405(g). ECF No. 1 at 1; *see also Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) ("[T]he Commissioner's decision does not become final until after the Appeals Council makes its decision denying the claimant's request for review."). McMillan claims that she is disabled and thus entitled to SSI. ECF No. 1.

## II.     STANDARD OF REVIEW

Title XVI of the SSA governs the SSI program. *See* 42 U.S.C. §§ 1381-1383f. Claimants seeking benefits must prove that they are "disabled" within the meaning of the SSA. *See Hollis v. Bowen*, 837 F.2d 1378, 1382 n.3 (5th Cir. 1988) (stating that the "relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for [SSI]"). A person is disabled "if [she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). To determine whether a claimant is disabled and thus entitled to benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. § 416.920(a).

First, the claimant must not be presently doing any substantial gainful activity. *Id.* § 416.920(a)(4)(i). "Substantial gainful activity" is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* § 416.972. Second, the claimant must have a severe impairment or combination of impairments. *Id.* § 416.920(a)(4)(ii). Third, disability exists if the

impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See id.* § 416.920(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpt. P, app. 1).

Before proceeding to steps four and five, the Commissioner assesses the claimant's residual functional capacity ("RFC") and considers her past relevant work ("PRW"). *See id.* § 416.920(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [her] limitations." *Id.* § 416.945(a)(1). PRW means work the claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 416.960(b)(1). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her PRW considering her RFC. *Id.* § 416.920(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* § 416.920(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis*, 837 F.2d at 1382. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239

F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.   ANALYSIS

The Commissioner, acting through the ALJ, completed the five-step evaluation process here. *See* Tr. 147-165. First, the ALJ found that McMillan had not engaged in substantial gainful activity since December 14, 2020. Tr. 149. Second, she found six medically determinable impairments including anxiety, depression, PTSD, panic disorder with agoraphobia, social anxiety disorder, and bipolar disorder. Tr. 150. Third, she identified no impairment or combination of impairments that qualify under the federal regulatory list. *Id*. The ALJ then assessed McMillan's RFC:

> After careful consideration, I find that the claimant has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: all exertion levels, could understand, remember, carry out simple instructions, use judgment to make simple work-related decisions, respond appropriately to frequent workplace changes, have occasional contact and interaction with supervisors, and coworkers, but no contact with the public.

Tr. 153. Using this RFC determination and after hearing testimony from a vocational expert ("VE"), the ALJ determined at step four that McMillan could perform PRW, specifically as a cleaner, housekeeper, and industrial sweeper. Tr. 164. Finding that McMillan's age, education, work experience, and RFC with additional limitations still allowed her to perform the requirements

of other jobs, the ALJ concluded that McMillan was "not disabled" under SSA § 1614(a)(3)(A). *Id*.

McMillan argues that the ALJ made three reversible errors. ECF No. 15 at 2-3. She claims that substantial evidence does not support the ALJ's RFC regarding her ability (1) to respond appropriately to frequent workplace changes (*id*. at 2) and (2) to accept instruction and respond appropriately to criticism from supervisors (i*d*. at 3). Third, she contends that the AC failed to properly consider additional evidence when reviewing the ALJ's decision. *Id*.

### A. Substantial evidence shows that McMillan can respond appropriately to frequent workplace changes.

The state agency medical consultant ("SAMC") and Dr. Linda Cameron found that McMillan had moderate limitations in responding appropriately to changes in the work setting. ECF No. 15 at 6; Tr. 228, 239. The ALJ's RFC, however, stated that McMillan could respond appropriately to frequent workplace changes. Tr. 153. McMillan argues that substantial evidence does not support the ALJ's RFC. ECF No. 15 at 6.

"The well-settled rule in this Circuit is that in making a determination as to disability, the ALJ must analyze both the disabling effect of each of the claimant's ailments and the combined effects of all of these impairments." *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) (citation and quotation marks omitted). Moreover, the ALJ must base her RFC assessment on "all of the relevant evidence in the case record," including, but not limited to, "medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, and work evaluations." *Athena G. v. Kijakazi*, No. 1:20-cv-00051-BU, 2021 WL 3729033, at *9 (N.D. Tex. 2021), *rec*. *adopted*, 2021 WL 3726741 (N.D. Tex. 2021); *Eastham v. Comm'r of Soc. Sec. Admin.*, No. 3:10-cv-2001-L, 2012 WL 691893, at *6 (N.D. Tex. 2012) (citing SSR 96-8p), *rec*. *adopted* 2012 WL 696756 (N.D. Tex. 2012).

After evaluating the record, the ALJ determined McMillan's limitations. Tr. 13. The Court may not reweigh the evidence or substitute its judgment for the Commissioner's. *See Harris*, 209 F.3d at 417. But it must "carefully scrutinize" the record to ensure substantial evidence supports the ALJ's conclusion. *Hollis*, 837 F.2d at 1383. Thus, McMillan's burden "is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Caldwell v. Colvin*, No. 4:15-cv-00576-O-BL, 2016 WL 3621097, at *3 (N.D. Tex. 2016), *rec. adopted*, 2016 WL 3523780 (N.D. Tex. 2016).

To support her conclusion that McMillan could respond to frequent changes in the workplace, the ALJ first recounted various treatment notes and claimant statements. Tr. 153-60. These showed that even without medication, McMillan showed anxious or depressed mood, but her mental status examinations generally were unremarkable. Tr. 156, 1090, 1113, 1116, 1261, 1288-89, 1302, 1311. She had intact insight, judgment, thought associations, memory, attention, and concentration. *Id*. She also had a logical thought process. *Id*. She had fair insights and her judgment concerning everyday activities and social situations was fair. Tr. 156, 1090, 1161 Moreover, she played online video games and had friends. Tr. 156.

After beginning her medications, McMillan noted that she was motivated, was painting a lot more, generally was more active, and saw improvements in her mood and confidence. Tr. 157. She tried to go to karaoke with her uncle, continued to work as her mother's caregiver, had multiple projects that she worked on, had normal behavior, possessed logical and well-organized thought processes with normal thought content, and had normal concentration. *Id*.

The most recent treatments notes showed that McMillan had a better affect, smiling with the provider, and appearing brighter in appearance. Tr. 158. She had begun working as a paid caregiver for her mother, was planning a Zoom get together with some friends for her birthday,

articulated that she wanted to become a voice actor and set a goal of booking three acting gigs, interacted online with friends, went thrift shopping with friends on the weekend, and even adopted a cat. Tr. 158. Thus, the ALJ noted that the doctors' treatment notes and opinions regarding McMillan's ability to respond to change was inconsistent with her daily activities and everyday interactions with other people. Tr. 160-61.

An ALJ is not obligated to incorporate any one medical opinion verbatim into her RFC. The law only requires an "accurate and logical bridge" within the ALJ's RFC explanation. *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010). The ALJ's explanation here provides such an "accurate and logical bridge" between all of the evidence that she considered and McMillan's ability to respond to frequent changes. Substantial evidence supports the ALJ's RFC limitation, and reversal of the ALJ's decision is not required on this point.

### B. Substantial evidence in the record shows that McMillan can accept instruction and respond appropriately to criticism.

Similarly, McMillan argues that substantial evidence does not support the ALJ's limitation on her ability to accept instruction and respond appropriately to criticism given the contrary opinions of the SAMC and Dr. Cameron. ECF No. 15 at 7. She also argues that the ALJ did not adequately explain her conclusions regarding McMillan's ability to respond to criticism, acknowledge this limitation in her opinion, or refer to evidence in the record establishing McMillan's ability to accept instructions and respond appropriately to criticism from supervisors. *Id.*

The ALJ acknowledged Dr. Cameron's opinion that McMillan was not able mentally to do unskilled work, which includes responding appropriately to criticism, but found the opinion only slightly persuasive because it generally was inconsistent with the overall medical record. Tr. 161, 1705. On reconsideration, the ALJ also considered the SAMC's opinion, which also stated that

7

McMillan had marked limitation in interacting with others. Tr. 162. This description encompassed McMillan's ability to accept instructions and respond appropriately to criticism. Tr. 162, 239. The ALJ found the medical opinion persuasive as it was generally consistent with the record as a whole. Tr. 162.

However, similar to her analysis of McMillan's ability to respond to frequent workplace changes, the ALJ once again weighed the medical limitations provided by Dr. Cameron and the SAMC against the evidence of McMillan's behavior and her testimony. Tr. 160. The ALJ noted all of McMillan's daily activities, including outings with her friends and cooperation with medical providers. *Id*. The evidence showed that McMillan looked for jobs at Kroger and the Dollar Store and currently works as a paid caregiver for her mother. *Id*. Once again, the ALJ concluded that the evidence of McMillan's daily activities showed that McMillan did not have the restrictions suggested by the medical providers. Tr. 163.

The Court's task is not to sift through the evidence that the ALJ previously considered. Judicial review is limited to determining whether the Commissioner applied the correct legal standard and whether substantial evidence exists in the record to support the Commissioner's conclusion. *Leggett*, 67 F. 3d at 564. It is not for the courts to "reweigh the evidence in the record, try the issues *de novo*, or substitute [their] judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown*, 192 F.3d at 496). Therefore, even though the ALJ does not explicitly mention the marked limitations found by the doctors, because the limitation falls under the acknowledged broader limitations on social interactions discussed by the ALJ (Tr. 162), and the ALJ explained why she found the limitations unpersuasive, there is substantial evidence in the record to support the limitation.

### C. The AC did not err by not considering additional evidence.

McMillan submitted medical evidence to the AC dated March 9, 2022, through August 4, 2022. Tr. 2. The AC found that this evidence "[did] not show reasonable probability that it would change the outcome of the decision," and therefore, did not consider the evidence. *Id*. McMillan argues that AC erred since the medical evidence may have impacted the ALJ's assessment as to the severity and limiting effects of McMillan's RFC. ECF No. 15 at 9. Moreover, she states that courts have previously held that the AC must consider the entire record, including newly submitted evidence, and thus, not doing so in this case was erroneous. *Id*. (citing *Arebalo o/b/o Arebalo v. Astrue*, No. 4:09-cv-496-A, 2010 WL 6571087, at *4 (N.D. Tex. 2010)).

McMillian's argument is unpersuasive because of a change in the law. When McMillan appealed the ALJ's decision to the AC on June 30, 2022, a revised version of 20 C.F.R. § 416.1470, effective of December 16, 2020, was in force. Tr. 300; 20 C.F.R. § 416.1470. Under the revised regulation, the AC must review additional evidence if it "is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). The revised regulation also required a showing of "good cause," and the claimant must articulate why she failed to proffer any available evidence prior to the hearing. *Id*. at § 416.1470(b). The previous version of the regulations permitted a broader range of submissions and required that the AC review the expanded record. *See Arebalo*, 2010 WL 6571087 at *4; *Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005).

The ALJ conducted McMillan's hearing on May 10, 2022, and issued her unfavorable decision on June 24, 2022. Tr. 147, 165. In her appeal, McMillan submitted medical evidence from a period that began on March 9, 2022, and extended August 4, 2022, almost three months after the

hearing date. Tr. 8-138. The evidence consisted of progress notes and additional medical treatments. *Id*. McMillan argues that the AC should have reviewed two important documents. ECF No. 15 at 8. The first is a psychological evaluation conducted by Dr. Katherine Weber on April 14, 2022, in which she diagnosed McMillan with social anxiety disorder, panic disorder with agoraphobia, complex PTSD, generalized anxiety disorder, and persistent depressive disorder. *Id*. The second is McMillan's admission on July 6, 2022, into a partial hospital program due to "emotional cognitive, and behavioral instability requiring a structured care setting" on July 6, 2022. *Id*.

The AC is not required to make specific findings of fact or provide a detailed explanation of evidence when it denies a claimant's request for review. *Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir. 2015). However, a review of the evidence shows that the AC did not err in note considering the additional evidence. McMillan made no showing as of a reasonable probability that the medical records dated prior to June 24, 2022, and especially Dr. Weber's report, would change the outcome of the decision. *See generally* ECF No. 15. Additionally, the AC was not required to evaluate and consider the hospital stay since it occurred after the date of the ALJ's decision. 20 C.F.R. § 416.1470(a)(5).

In presenting additional evidence to the AC, the claimant must establish good cause for why she did not present evidence to the ALJ. 20 C.F.R. § 416.1470(b). McMillan claims that she could not have submitted Dr. Weber's report prior to the hearing because Dr. Weber did not sign it until June 7, 2022, which was after the date of the hearing. ECF No. 17 at 7. However, McMillan's reason does not meet any of the enumerated good cause criteria under § 416.1470(b). She neither informed the ALJ of the existence of Dr. Weber's opinions or the upcoming report nor demonstrated that she actively and diligently sought the evidence from Dr. Weber. *See* 20 C.F.R.

§ 416.1470(b)(3)(iv). Thus, she failed to show good cause to submit the evidence, and the AC did not err in not considering it.

## IV.   CONCLSION

Substantial evidence supported the ALJ's RFC determination, and the AC did not err in not considering the additional medical evidence McMillan submitted. Thus, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision and **DISMISS** this case **with prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 16, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

11